UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NESTOR RUIZ, RICARDO HAMILTON &
GRIMMOND BASCOM,

                                                    Plaintiffs,      **FIRST AMENDED COMPLAINT**

                 -against-

                                                                 15 CV 4915 (MKB) (PK)

THE CITY OF NEW YORK, DETECTIVE ALBERT
LLOYD (tax # 936963), LIEUTENANT AIMAN AHMED      Jury Trial Demanded
(tax # 936104), DETECTIVE JAMES LUONGO (tax #
947192), DETECTIVE VICTOR ROBALINO (tax #
937388), DETECTIVE STEVEN GORDON (tax #
934951), DETECTIVE FRANK LORELLO (tax #
928667), DETECTIVE JOSEPH DESANTIS (tax #
921060), POLICE OFFICERS JOHN DOES 1-10,

                                                     Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs allege that the City of New York and several New York City Police Officers of the Brooklyn South Narcotics Division violated their rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting them, using unreasonable force on them, denying them a fair trial and maliciously prosecuting them.  Plaintiffs also assert claims of false arrest, assault, battery, malicious prosecution and vicarious liability under New York state law.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiffs' claims under state law, notices of claim were duly filed with the City of New York within 90 days of the arrests of plaintiffs and the dismissals of their criminal cases, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiffs' state law claims.

7. Plaintiffs' 50-h hearings have been rescheduled.

8. This action is brought within one year and 90 days of the incident at issue in this case.

## PARTIES

9. Plaintiffs are residents of the State of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

12. During the evening of Wednesday, February 4, 2015, plaintiffs were at their friend's residence located at 501 East 21st Street, Apt. C1, in Brooklyn, to play video games and watch the television show "Empire," which airs Wednesdays at 9:00 p.m.

13. None of the plaintiffs resided at the apartment or were overnight guests.

14. At all relevant times, plaintiffs were obeying the law and were not engaged in suspicious activity.

15. While plaintiffs were inside the apartment, plaintiffs had no knowledge as to whether there were illegal narcotics or other contraband in the residence and nothing illegal was in plain view or near any of the plaintiffs.

16. At approximately 8:45 p.m., Detective Albert Lloyd, Lieutenant Aiman Ahmed, Detective James Luongo, Detective Victor Robalino, Detective Steven Gordon, Detective Frank Lorello, Detective Joseph DeSantis and other New York City Police Officers of the Brooklyn South Narcotics Division (collectively, "defendants") executed a Special Narcotics search warrant at the residence.

17. The target of the search warrant was one of the residents of the apartment, Christian Sims.

18. None of the plaintiffs were targets of the warrant or were engaged in illegal activity, but the defendants decided to arrest them anyway in order to increase their arrest numbers and generate overtime compensation.

19. In the course of arresting plaintiffs Nestor Ruiz and Grimmond Bascom, some of the defendants, while other defendants watched, pushed battering rams into the back of plaintiffs' necks, pushed knees into plaintiffs' backs, and put guns to plaintiffs' heads, causing plaintiffs to suffer pain, bruising and swelling. At all times, Ruiz and Bascom were compliant and did not resist arrest.

20. In the course of arresting plaintiff Ricardo Hamilton, some of the defendants, while other defendants watched, pushed a shield and one or more knees into Hamilton's back and put guns to plaintiff's head, causing Hamilton to suffer pain, bruising and swelling. At all times, Hamilton was compliant and did not resist arrest.

21. The defendants, acting in concert, subsequently took Sims, plaintiffs and the other occupants of the residence to the 70th Precinct for arrest processing.

22. While plaintiffs were being processed in the 70th Precinct, Detective Lloyd and the other defendants, acting in concert, fabricated a story that illegal narcotics and drug paraphernalia were in plain view in the residence in order to create a factual basis for plaintiffs' arrests.

23. Detective Lloyd, with the approval of the other defendants, charged plaintiffs with possession of a controlled substance, possession of marijuana and possession of drug paraphernalia.

24. After the arrest process was completed, plaintiffs and the other occupants of the apartment were taken to Manhattan Central Booking.

25. While plaintiffs were inside Manhattan Central Booking, Detective Lloyd, with the approval of the other defendants, misrepresented to the Office of the Special Narcotics Prosecutor that illegal narcotics and drug paraphernalia were in plain view in the residence in order to create a factual basis for plaintiffs' arrests and prosecutions.

26. In furtherance of having plaintiffs prosecuted, Detective Lloyd, with the approval of the other defendants, maliciously signed and swore to the accuracy of a criminal court complaint falsely charging plaintiffs with possession of a controlled substance, possession of marijuana and possession of drug paraphernalia.

27. On February 5, 2015, at approximately 11:00 p.m., plaintiffs were arraigned in Manhattan Criminal Court and released on their own recognizance.

28. On April 27, 2015, plaintiffs returned to Criminal Court, at which time the Office of the Special Narcotics Prosecutor dismissed all charges.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

29. Plaintiffs repeat the foregoing allegations.

30. Defendants, acting under color of state law, arrested and imprisoned plaintiffs without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

31. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

5

32. Defendants' conduct caused plaintiffs to suffer a loss of liberty, emotional distress, humiliation, extreme inconvenience and other personal injuries.

33. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

34. Plaintiffs repeat the foregoing allegations.

35. Defendants, acting under color of state law, used force upon plaintiffs which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

36. Defendants' conduct caused plaintiffs to suffer physical injuries, emotional distress and other personal injuries.

37. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

38. Plaintiffs repeat the foregoing allegations.

39. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs had violated the law and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

40. Defendants' conduct violated § 1983 and the Fourth Amendment.

41. Defendants' conduct caused plaintiffs to suffer a loss of liberty, emotional distress, humiliation, extreme inconvenience and other personal injuries.

42. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

43. Plaintiffs repeat the foregoing allegations.

44. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiffs had violated the law in violation of § 1983 and the Sixth Amendment.

45. Defendants' conduct caused plaintiffs to suffer a loss of liberty, emotional distress, humiliation, extreme inconvenience and other personal injuries.

46. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

47. Plaintiffs repeat the foregoing allegations.

48. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

49. Defendants' conduct caused plaintiffs to suffer a loss of liberty, physical injuries, emotional distress and other personal injuries.

50. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

(Against All Defendants)

51. Plaintiffs repeat the foregoing allegations.

52. Defendants, acting within the scope of their employment as members of the NYPD, arrested and imprisoned plaintiffs without legal justification or probable cause.

53. Defendants intended to confine the plaintiffs, plaintiffs were conscious of their confinement, plaintiffs did not consent to their confinement, and plaintiffs' confinement was not privileged or lawful.

54. The City of New York is vicariously liable to plaintiffs.

55. Defendants' conduct caused plaintiffs to suffer a loss of liberty, emotional distress humiliation, extreme inconvenience, and other personal injuries.

56. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (ASSAULT UNDER N.Y. STATE LAW)

(Against All Defendants)

57. Plaintiffs repeat the foregoing allegations.

58. Defendants, acting within the scope of their employment as members of the NYPD, placed plaintiffs in fear of imminent harmful and offensive physical contacts which injured plaintiffs.

59. The City of New York is vicariously liable to plaintiffs.

60. Defendants' conduct caused plaintiffs to suffer physical injuries, emotional distress and other personal injuries.

61. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## EIGHTH CLAIM

### (BATTERY UNDER N.Y. STATE LAW)

(Against All Defendants)

62. Plaintiffs repeat the foregoing allegations.

63. Defendants, acting within the scope of their employment as members of the NYPD, made offensive and nonconsensual physical contact with plaintiffs which injured plaintiffs.

64. The City of New York is vicariously liable to plaintiffs.

65. Defendants' conduct caused plaintiffs to suffer physical injuries, emotional distress and other personal injuries.

66. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## NINTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

67. Plaintiffs repeat the foregoing allegations.

68. Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiffs had violated the law and initiated a prosecution against plaintiffs which terminated in plaintiffs' favor.

69. The City of New York is vicariously liable to plaintiffs.

70. Defendants' conduct caused plaintiffs to suffer a loss of liberty, emotional distress, humiliation, extreme inconvenience, and other personal injuries.

71. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## **TENTH CLAIM**

## **(§ 1983; MUNICIPAL LIABILITY)**

(Against the City of New York)

72. Plaintiffs repeat the foregoing allegations.

73. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

74. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiffs.

75. Upon information and belief, the City of New York, at all relevant times, was on notice from civilian complaints and lawsuits and from the observations of its own officials that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained. In fact, prior to violating plaintiffs' civil rights, most or all of the defendants have been the subject of civilian complaints of police misconduct and have been defendants in civil rights lawsuits filed in federal and state court.

76. Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate the prior allegations of police misconduct made against the defendants and failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

77. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

78. The City's conduct caused plaintiffs to suffer physical injuries, a loss of liberty, emotional distress, humiliation, extreme inconvenience, and other personal injuries.

79. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: March 17, 2016

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391